```
                                                    JS-6
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MARIA ELENA PRADO BOLANOS, | CV 20-6131-RSWL-MRWx |
|---|---|
| Plaintiff, | **ORDER re: Motion to Remand Case to Los Angeles Superior Court** [28] |
| v. | |
| COSTCO WHOLESALE CORPORATION; JOHN WEAVER; and DOES 1 to 30, | |
| Defendants. | |

Plaintiff Maria Elena Prado Bolanos ("Plaintiff") filed this Action [1-1] on June 1, 2020, in Los Angeles Superior Court against Defendant Costco Wholesale Corporation ("Costco"). Plaintiff alleges two causes of action: (1) premises liability and (2) general negligence. Costco removed [1] the Action to this Court on July 9, 2020.

On November 16, 2020, Plaintiff filed her First Amended Complaint and joined Defendant John Weaver

("Weaver") as a party. In the present Motion to Remand Case to Los Angeles Superior Court [28] (the "Motion"), Plaintiff seeks to remand the Action, contending that Weaver's joinder destroys complete diversity and thereby deprives this Court of subject matter jurisdiction.

Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** the Motion.

## I. BACKGROUND

Plaintiff is a California resident. First Am. Compl. ("FAC") ¶ 1, ECF No. 21. Costco is a company doing business in California, with a branch store located at 12324 Hoxie Avenue, Norwalk, California 90650 (the "Subject Property"). Id. ¶ 2. Costco's principal place of business is in Washington. Id. Weaver is the manager of Costco's branch store on the Subject Property. Id. ¶ 3.

On June 15, 2018 Plaintiff was shopping as a guest at the Subject Property. Id. ¶ 9. While walking in the store, Plaintiff suddenly and without warning slipped and fell to the ground. Id. ¶ 10. Plaintiff sustained serious injuries as a result of her fall, which required and continues to require medical care and treatment. Id. ¶ 10.

On September 15, 2020, Plaintiff filed a Motion to Amend Complaint [12] to join Weaver as a defendant. The Court granted [20] Plaintiff's motion on November 10, 2020, and ordered Plaintiff to file an amended complaint

2

within fifteen days.  On November 16, 2020, Plaintiff filed her First Amended Complaint [21].

Plaintiff filed this Motion [28] on December 23, 2020.  Costco filed its Opposition [29] on January 5, 2021, and Plaintiff replied [30] on January 11, 2021.

## II.   DISCUSSION

### A.   Legal Standard

Civil actions may be removed from state court if the federal court has original jurisdiction.  See Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, . . . original subject-matter jurisdiction [must] lie[] in the federal courts.").  Diversity jurisdiction exists in all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  There must be complete diversity of citizenship, meaning "each of the plaintiffs must be a citizen of a different state than each of the defendants."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).  Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

"The burden of establishing jurisdiction falls on the party invoking the removal statute, which is

strictly construed against removal." Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted). Courts resolve all ambiguities "in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). A removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

**B.  Discussion**

    1.  Local Rule 7-3

As a preliminary matter, Costco argues that the Court should deny Plaintiff's Motion to Remand because Plaintiff's counsel failed to meet and confer as required under Local Rule 7-3. Opp'n to Mot. for Remand ("Opp'n") 7:3-14, ECF No. 29. When a party fails to comply with the requirements of the Local Rules, the Court may strike or deny the party's motion. Oliver v. Luner, No. LA:18-CV-02562-VAP-AFMX, 2018 WL 5928170, at *1 (C.D. Cal. May 21, 2018). However, the Court maintains discretion to rule on the merits because "[f]ailure to comply with the Local Rules does not automatically require the denial of a party's motion, . . . particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply." CarMax Auto Superstores Cal. LLC v. Hernandez, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015).

4

Here, Costco contends that it was prejudiced by the failure to meet and confer because counsel could have discussed the deficiency in the First Amended Complaint and the prematurity of the instant Motion. Opp'n 7:10-14. Although Plaintiff failed to meet and confer with Costco prior to filing the motion, Costco had sufficient time to prepare and submit its Opposition. The Court finds no apparent prejudice from the failure to comply with Local Rule 7-3. See Wilson-Condon v. Allstate Indem. Co., No. CV 11-05538 GAF (PJWx), 2011 WL 3439272, at *1 (C.D. Cal. Aug. 4, 2011) (finding that the defendant did not appear to be prejudiced by the plaintiff's failure to meet and confer prior to filing a motion to remand). Additionally, even assuming some degree of prejudice, this Court must remand if it lacks subject matter jurisdiction. Therefore, the Court proceeds to the merits of the Motion.

    2.  Motion to Remand

The parties do not dispute that the amount in controversy exceeds $75,000 or that there is diversity of citizenship between Plaintiff, who is a California resident,[1] and Costco, which is incorporated in and has a principal place of business in Washington. FAC ¶¶ 1-2; Notice of Removal ¶ 2, ECF No. 1. At issue is whether there is complete diversity following the

---

[1] Residence is prima facie evidence of citizenship. See Fjelstad v. Vitamin Shoppe Indus. LLC, No. 2:20-CV-07323 ODW (AFMx), 2021 WL 364638, at *2 (C.D. Cal. Feb. 3, 2021).

5

joinder of Weaver as a defendant.  In the FAC, Plaintiff alleges that Weaver is the manager of the Costco located at the Subject Property.  FAC ¶ 3.  Plaintiff also provides in a declaration that Weaver is a resident of California.  Decl. of Eric A. Forstrom ¶ 3, ECF No. 28-2.

### a. Diversity Jurisdiction

Plaintiff contends that remand is proper because this Court lacks diversity jurisdiction after Weaver's joinder.  Mem. in Supp. of Mot. ("Mot.") 4:14-21, ECF No. 28-1.  On the other hand, Costco argues that remand is improper because the FAC does not establish a lack of diversity jurisdiction.[2]  Opp'n 5:7-15.

Costco misplaces the relevant burden.  Given the "strong presumption against removal jurisdiction[,] . . . the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Pringle v. Wheeler, 478 F. Supp. 3d 899, 907 (N.D. Cal. 2020) (citing Kokkone v. Guardian Life Ins. Of Am., 511 U.S. 375, 377 (1994)) (stating that "[t]he party invoking the jurisdiction of the federal court bears the burden of

---

[2] Costco also argues that the Motion to Remand should be denied because Plaintiff is bound by her judicial admission in the FAC that "[j]urisdiction . . . is proper."  FAC ¶ 7.  Plaintiff's allegation as to the Court's jurisdiction is irrelevant to the issue of subject matter jurisdiction because 28 U.S.C. § 1447(c) mandates that district courts remand the action "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."

6

establishing that the court has the requisite subject matter jurisdiction"). Moreover, because neither party has adduced facts showing that Weaver's citizenship is diverse, the Court must remand. See 28 U.S.C. § 1447(c).

### b. Rule 21

Federal Rule of Civil Procedure ("Rule") 21 provides that district courts "may at any time, on just terms, add or drop a party." But a district court's Rule 21 discretion to dismiss a party "is not a requirement that it do so." Mendoza v. Nordstrom, 865 F.3d 1261, 1266 (9th Cir. 2017).

In opposing the Motion, Costco asks the Court to exercise its discretion under Rule 21 to dismiss Weaver from this case because: (1) Plaintiff has not pled anything attributable to Weaver that is distinguishable from Costco, and (2) it would resolve any inconsistency in Plaintiff's pleadings between the Court's jurisdiction and Plaintiff's failure to plead Weaver's citizenship. Opp'n 6:16-25.

The Court finds Costco's arguments unavailing. Courts have consistently allowed plaintiffs to bring negligence and premises liability claims against store managers when also asserting claims against the store. See, e.g., Leroy West v. Costco Wholesale Corp., No. LA CV20-04265 JAK (FFMx), 2020 WL 7023777, at *4-6 (C.D. Cal. Nov. 30, 2020); Thomas v. WalMart Stores, Inc., No. CV 18-03422-RSWL-SK, 2018 WL 3046967, at *4 (C.D. Cal.

June 19, 2018); Trujillo v. Target Corp., No. 17-cv-06429 VAP (GJSx), 2017 WL 4864490, at *5 (C.D. Cal. Oct. 26, 2017).

Moreover, the Court declines to exercise its discretion under Rule 21 to dismiss Weaver as a defendant. Plaintiff alleges that: (1) Defendants had a duty to maintain the Subject Property in a manner free from dangerous conditions; (2) Defendants had constructive knowledge of the hazard; (3) Defendants breached their duty to ensure the area was safe; and (4) Defendants' alleged negligence caused her injuries.[3] FAC ¶¶ 11-23. Plaintiff's allegations appear to state viable claims against Weaver. See Trujillo, 2017 WL 4864490, at *5 (allowing the joinder of a store manager where the "[p]laintiff's negligence claim . . . appears to have merit"); see also Gallegos v. Costco Wholesale Corp., No. CV 20-3250 DMG (GJSx), 2020 WL 2945514, at *1 (C.D. Cal. June 2, 2020) (citation omitted) ("[T]he fact that the principal thus becomes liable does not of course exonerate the agent from liability."). Because Plaintiff properly joined Weaver, and because requiring Plaintiff to bring a separate suit against Weaver would be inefficient, the Court denies Costco's request to dismiss Weaver from this Action under Rule 21.

---

[3] The elements of a negligence claim and a premises liability claim are the same: (1) a legal duty of care; (2) breach of duty; (3) and proximate cause resulting in injury. Thomas v. WalMart Stores, Inc., No. CV 18-03422-RSWL-SK, 2018 WL 3046967, at *10 (C.D. Cal. June 19, 2018) (citing Kesner v. Superior Court of Alameda Cnty., 1 Cal. 5th 1132, 1158 (2016)).

3. <u>Fees & Costs</u>

Plaintiff seeks to recover fees and costs incurred as a result of the removal. Mot. 4:24-5:9. Courts may award fees under 28 U.S.C. § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Cap. Corp.</u>, 546 U.S. 132, 141 (2005). At the time of removal, Weaver was not a defendant in this Action, and there was complete diversity between Plaintiff and Costco. Removal was not objectively unreasonable. The Court therefore **DENIES** the request for reimbursement of fees and costs.

### III.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand to Los Angeles Superior Court. The Court **DENIES** Plaintiff's request for fees and costs. The Clerk shall **REMAND** this Action to the Superior Court of California, County of Los Angeles and close this matter.

**IT IS SO ORDERED.**

DATED: March 2, 2021         /s/ Ronald S.W. Lew
                             **HONORABLE RONALD S.W. LEW**
                             Senior U.S. District Judge